Johnie Smith WOOTEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 17, 1972.

Kenny Grantz, Louisville, for appellant.

John Breckinridge, Atty. Gen., Richard E. Fitzpatrick, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Johnie Smith Wooten appeals from a judgment which sentenced him to a 20-year term in the penitentiary pursuant to a verdict convicting him of voluntary manslaughter.

In the course of an argument in his home with a young-adult son, Wooten shot and killed the son with a shotgun blast. Another son was present when the argument started but left before the shooting, leaving no one in the house but Wooten and the victim. Wooten claimed self-defense, asserting that on a previous occasion the son had beat him, inflicting severe injuries, and that on the occasion of the shooting the son again was threatening to beat him.

Wooten does not claim that the evidence was not sufficient to sustain the verdict. His grounds of error relate to the rejection of certain evidence by the court and the making of alleged improper argument by the Commonwealth's attorney.

Wooten proposed to prove by a police officer that the victim had a bad reputation for peacefulness and quietude. Objection was made by the Commonwealth when the questioning of the officer was commenced, and the court then recessed to chambers, where the officer was questioned both by the defense and by the prosecution. On the examination by the defense he testified that he knew the victim's reputation for peacefulness and quietude, and that "He didn't have a very good reputation." On cross-examination by the prosecution, however, it was developed quite plainly that the officer did not in fact know the victim's *reputation in the community*, but merely had formed his own opinion as to the victim's *characteristics* regarding peacefulness and quietude, from the officer's own observation of the victim's conduct on two occasions, one in 1966 and the other in 1967 or 1968. The trial court then ruled that the officer's testimony was not admissible, but it was placed in the record as an avowal.

◼ Wooten maintains that the testimony should have been admitted. It is our opinion that the court's ruling was proper, because from reading the avowal testimony it is clear that the officer did not *know* the victim's reputation in the community. Even had the requisite knowledge been shown, we think the trial court's ruling still would be proper. The ordinary ground for admissibility of evidence of the victim's reputation for turbulence or violence is to show that the defendant was justified in believing he was in danger of death or serious bodily injury at the hands of the victim; but in order to be admissible on that ground there must be a showing that *the defendant had knowledge of the reputation.* Annotation, 1 A.L.R.3rd 571 at 596. There was no showing in the instant case that Wooten knew of his son's reputation for turbulence or violence. If it be argued that by inference he must have known it, by reason of the family relationship, then by the same token the defendant's knowledge of the victim's *actual characteristics* of turbulence or violence would be inferred, and the evidence of reputation would have no significant weight and its exclusion would not be prejudicial, because the important consideration would be the defendant's knowledge of the kind of man the victim actually was, rather than what his reputation was. It is true that some courts have held that the victim's reputation for turbulence or violence may be shown to corroborate the defendant's testimony as to the circumstances of the conflict out of which the homicide arose. Annotation, 1 A.L.R.3rd 571 at 601. This court, however, has not as yet taken that view, and we are not persuaded to adopt it in this case, particularly in view of the fact that that ground of admissibility was not asserted in the trial court.

◼ Wooten makes the argument that the police officer's proferred testimony as to specific acts of violence by the victim on previous occasions, which the officer

had observed, should have been admitted as tending to show the *mental attitude* of the defendant. The argument is not valid, for two reasons. The first is that the defendant did not *offer* that testimony in evidence—it simply was brought out by the prosecution in endeavoring to determine whether there was any basis for the officer's claimed knowledge of the victim's reputation. The second reason is that evidence of specific acts of violence by the victim could not possibly tend to show the defendant's mental attitude unless the *defendant knew* of those acts, of which fact there was no offer of evidence in this case. See Fannon v. Commonwealth, 295 Ky. 817, 175 S.W.2d 531.

Wooten asserts numerous allegedly improper comments by the Commonwealth's attorney in his closing argument. However, he made objection on the trial only to two of the comments, and one of the objections was sustained with no request at the time for any further action by the court.

 The sustained objection was to a statement that

> "* * * we're all, perhaps, pretty well acquainted with the family right now. It's the father who always was coming home drunk—"

Even assuming that the defendant be considered to have properly preserved error, by virtue of a hereinafter discussed motion to discharge the jury, made at the close of the prosecutor's argument, it is our opinion that the comment complained of was not so prejudicial as to warrant reversal. There was evidence that the defendant had been drinking on the day of the shooting. We can conceive of no prejudice that could have arisen, in the circumstances of this case, from the mere statement that the defendant "always was coming home drunk."

The other statement to which objection was made (and overruled) was that the jury should "weigh what wasn't said as well as what was." This was followed by comment on the fact that the defendant, in his testimony, had not expressed any remorse, and on the fact that no member of the defendant's family had supported his testimony that the victim previously had beaten up the defendant, had threatened to kill him, and had kept him in constant fear of his life. Wooten argues that this comment in effect asked the jury to "go outside the evidence." To the contrary, we think the comment simply asked the jury to consider *inferences* reasonably to be drawn from the absence of testimony, and was entirely proper.

At the close of the prosecutor's argument, Wooten moved for a discharge of the jury, "based on the improper statements and arguments that prejudiced the defendant, by the closing argument of the Commonwealth's attorney." This motion did not direct the trial judge's attention to any specific allegedly improper statement (except perhaps the two to which objections were made and which have been discussed above); therefore, the trial court's overruling of the motion was not error.

The judgment is affirmed.

All concur.